FILED
2018 MAY -1 PM 2:42
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOLLY CONSTANT,

CASE NO.: 6:18-CV-674-ORL-37-DCI

Plaintiff,

vs.

710 NORTH SUN DRIVE
OPERATIONS LLC d/b/a LAKE
MARY HEALTH AND
REHABILITATION CENTER,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HOLLY CONSTANT, by and through the undersigned attorney, sues the Defendant, 710 NORTH SUN DRIVE OPERATIONS LLC d/b/a LAKE MARY HEALTH AND REHABILITATION CENTER, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendant as a Certified Nursing Assistant from January 2010 to January 2018.

3. Plaintiff primarily worked in the Lake Mary, Florida area for Defendant,

but traveled to different parts of the state of Florida for her work for Defendant.

4. Defendant is a Florida Corporation that operates and conducts business in Seminole County, Florida and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were vehicles, telephones, medical supplies/tools and other items which were handled by employees and originated from outside the state of Florida.

10. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

11. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff for all hours worked.

12. During Plaintiff's employment with Defendant, Defendant classified Plaintiff as non-exempt under the FLSA and paid her an hourly rate.

13. Plaintiff's most recent hourly rate was approximately $12.37 per hour.

14. As part of her job duties, Plaintiff was responsible for transporting patients to and from their medical appointments.

15. Plaintiff did not have control over the transportation schedule given, her schedule revolved around the patients' appointments and getting the patients to and from their appointments timely.

16. Given the inflexibility of Plaintiff's schedule and significant time spent in her company vehicle, Plaintiff routinely could not and did not take a lunch break or bona fide meal period as defined by to 29 C.F.R. §785.19. She would consume her meals contemporaneously with performing her work duties, or do so in a 5-10 minute span.

17. In approximately March or April 2017, after a new administrator started at the location, Defendant began automatically deducting thirty (30) minutes per day from Plaintiff's paycheck for a lunch period she was unable to take.

18. Plaintiff brought this issue to the attention of human resources who failed to rectify the issue.

19. As a result of this practice, Plaintiff was not paid for all hours worked, including not being paid for all overtime hours worked.

20. Upon information and belief, the records, to the extent any exist and are

accurate concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. Plaintiff was entitled to be paid time and one-half her hourly rate of pay for each hour worked in excess of forty (40) per work week.

23. During her employment with Defendant, Plaintiff worked numerous overtime hours but was not paid time and one-half compensation for same. *See* ¶¶ 12-19.

24. Defendant did not have a good faith basis for its decision to fail to pay Plaintiff for all hours worked.

25. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for all overtime hours worked, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, HOLLY CONSTANT, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all

further relief that this Court determines to be just and appropriate.

Dated this 30th day of April, 2018.

>/s/ C. RYAN MORGAN
> C. Ryan Morgan, Esq.
> FBN 0015527
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., 14th Floor
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> Email: RMorgan@forthepeople.com
> *Attorneys for Plaintiff*