## FAIR LABOR STANDARDS ACT
## SETTLEMENT AGREEMENT

This Fair Labor Standards Act Settlement Agreement ("Agreement") is made and entered into by and between Holly Constant (hereinafter: "Constant") and 710 North Sun Drive Operations, LLC d/b/a Lake Mary Health and Rehabilitation Center (hereinafter: "Lake Mary").

Constant was previously employed by Lake Mary. Constant has brought claims against Habana for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, in the United States District Court for the Middle District of Florida, Orlando Division, Case No.: 6:18-cv-674-ORL-37-DCI.

In consideration for the mutual promises set forth below, Constant and Lake Mary agree as follows:

1. Lake Mary will make the payments specified in paragraph 2 in return for Constant's dismissal with prejudice of the claims she has brought against Lake Mary in the matter of *Holly Constant v. 710 North Sun Drive Operations, LLC d/b/a Lake Mary Health and Rehabilitation Center*, Case No.: 6:18-cv-674-ORL-37-DCI, pending in the United States District Court for the Middle District of Florida, Orlando Division.

2. Lake Mary promises and obligates itself to perform the following covenants under this Agreement:

    a. Lake Mary shall provide Constant with payment in the gross amount of four thousand seven hundred and seven dollars and seventy eight cents ($4,707.78), less all applicable, standard taxable withholdings.

    b. The payment of money to Constant will be made payable as follows:

        1. One check in the amount of six hundred three dollars and eighty-nine cents ($603.89), less all applicable, standard taxable withholdings, made payable to "Holly Constant" (Constant will provide Lake Mary with an IRS Form W-4 with respect to this payment) in compromise of Constant's contested claims for unpaid overtime wages under the FLSA.

        2. One check in the amount of six hundred three dollars and eighty-nine cents ($603.89), with no taxes deducted, made payable to "Holly Constant" (Constant will provide Lake Mary with an IRS Form W-9 with respect to this payment) in compromise of Constant's contested claims for liquidated damages under the FLSA.

        3. One check in the amount of three thousand five hundred dollars and no cents ($3,500.00) for all allegations of attorney's fees and costs made payable to "Morgan & Morgan, P.A." (Constant's attorney will provide Lake Mary with an IRS Form W-9 with respect to this payment).

    c. The sums described above shall be delivered to the offices of Morgan & Morgan within twenty (20) business days after the later of the following two events: (1) Lake

# EXHIBIT A

Mary receives an original or copy of this Agreement executed by Constant; and (2) the United States District Court for the Middle District of Florida issues an order that either specifically approves this Agreement or dismisses the case.

3. Constant promises and obligates herself to perform the following covenants under this Agreement:

   a. Constant agrees that the amount set forth in paragraph 2 represents fair compensation for any unpaid wages, unpaid overtime, liquidated damages, and attorneys' fees and costs that she might have been able to recover from Lake Mary in connection with the claims she has brought against Lake Mary in the matter of *Holly Constant v. 710 North Sun Drive Operations, LLC d/b/a Lake Mary Health and Rehabilitation Center*, Case No.: 6:18-cv-674-ORL-37-DCI, pending in the United States District Court for the Middle District of Florida, Orlando Division.

   b. Constant agrees to file a stipulation with the Court voluntarily seeking to dismiss with prejudice the claims she has brought against Lake Mary in the matter of *Holly Constant v. 710 North Sun Drive Operations, LLC d/b/a Lake Mary Health and Rehabilitation Center*, Case No.: 6:18-cv-674-ORL-37-DCI, pending in the United States District Court for the Middle District of Florida, Orlando Division.

   c. Constant acknowledges and agrees that she is solely and exclusively liable for any and all tax liability arising from the payment of the consideration set forth in paragraph 2.

4. By entering into this Agreement, Lake Mary does not admit any underlying liability to Constant. Lake Mary simply wishes to resolve the pending claims to avoid the distraction and cost of litigation.

5. Any and all prior understandings and agreements between Constant and Lake Mary with respect to the subject matter of this Agreement are merged into this Agreement, which fully and completely expresses the entire Agreement and understanding of Constant and Lake Mary with respect to the subject matter hereof. This Agreement may not be orally amended, modified, or changed. This Agreement may be amended, modified, or changed only by written instrument or instruments executed by duly authorized officers or other representatives of Constant and Lake Mary.

6. This Agreement is made and entered into in the State of Florida and shall in all respects be interpreted, enforced, and governed under the laws of the said state. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

# EXHIBIT A

## FAIR LABOR STANDARDS ACT
## SETTLEMENT AGREEMENT
## SIGNATURE PAGE

In the Matter of Holly Constant v. 710 North Sun Drive Operations, LLC
d/b/a Lake Mary Health and Rehabilitation Center
Case No.: 6:18-cv-674-ORL-37-DCI

_____*Holly Constant*_____
Signature of Holly Constant

_____*6/19/18*_____
Date of Signature of Holly Constant

_____*[signature]*_____
Signature of Authorized Representative of
Lake Mary

_____*Associate Corporate Counsel*_____
Title of Authorized Representative of
Lake Mary

_____*6/19/2018*_____
Date of Signature of Authorized
Representative of Lake Mary

# EXHIBIT A