# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HOLLY CONSTANT,

      Plaintiff,

v.                                                 Case No:  6:18-cv-674-Orl-37DCI

710 NORTH SUN DRIVE
OPERATIONS LLC,

      Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. 13)** |
| **FILED:** | **June 19, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I. BACKGROUND

On May 1, 2018, Plaintiff filed a Complaint against Defendant alleging a cause of action for an alleged violation of the overtime provision of the Fair Labor Standards Act (the FLSA). Doc. 1.  On March 12, 2018, Defendant answered Plaintiff's Complaint.  Docs. 10.  The Court entered an FLSA Scheduling Order on May 23, 2018.  Docs. 5; 6.

On June 19, 2018, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement).  Docs. 13; 13-1. The Agreement provides that Defendant will pay Plaintiff $4,707.78 to settle her FLSA claims:

$603.89 in unpaid wages, $603.89 in liquidated damages, and $3,500.00 in attorney fees. Docs. 13 at 3; 13-1 at 1. The parties request that the Court review and approve the Agreement and dismiss this case with prejudice. Doc. 13 at 4-5.

## II.   LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   ANALYSIS

#### A. Settlement Amount.

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 1; 5; 6; 13 at 4. In their Motion, the parties represented the following: the parties obtained sufficient information to allow them to make informed decisions; the parties engaged in substantive settlement discussions at arms-length; the settlement amount is equal to approximately 75% of Plaintiff's maximum possible damages and was based upon information learned through the exchange of records; and the parties wish to avoid the risks, unknowns, and costs associated with protracted litigation. Doc. 13.

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Based upon the foregoing, the undersigned finds that $1,207.78 is a fair and reasonable settlement amount in this case.[4] Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Agreement.

Paragraph 5 of the Agreement provides as follows:

> Any and all prior understanding and agreements between Constant and Lake Mary with respect to the subject matter of this Agreement are merged into this Agreement, which fully and completely expresses the entire Agreement and understanding of Constant and Lake Mary with respect to the subject matter hereof. This Agreement may not be orally amended, modified, or changed. *This Agreement may be amended, modified, or changed only by written instrument or instruments executed by duly authorized officers or other representative of Constant and Lake Mary.*

Doc. 13-1 at 2 (emphasis added). The undersigned finds that the italicized language – "*This Agreement may be amended, modified, or changed only by written instrument or instruments executed by duly authorized officers or other representative of Constant and Lake Mary*" – fails judicial scrutiny because the court cannot find an agreement to be fair and reasonable if it is not in its final form. *See, e.g.*, Galasso v. Sascosports, Inc., No. 6:16-cv-2035-Orl-41KRS, 2017 WL 5501322, at *3 (M.D. Fla. Aug. 9, 2017), report and recommendation adopted, 2017 WL 5443164 (M.D. Fla. Nov. 2017); Rosado v. Melao Bakery, LLC, No. 6:16-cv-1060-Orl-41KRS, 2017 WL 2643982, at *4 (M.D. Fla. May 17, 2017), report and recommendation adopted, 2017 WL 2634795 (M.D. Fla. June 19, 2017). The remaining terms in the Agreement do not affect the overall reasonableness of the settlement, as the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements.

---

[4] This figure does not include the amount Defendant will pay to Plaintiff in attorney fees and costs, which is discussed *infra* at Section III.C.

Accordingly, it is **RECOMMENDED** that the Court strike the italicized language from paragraph 5 of the Agreement,[5] and otherwise find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Pursuant to the Agreement, Plaintiff's counsel will receive a total of $3,500.00 as attorney fees and costs. Doc. 13-1 at 1. The parties represented that the attorney fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff. Doc. 13 at 3-4. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

### IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 13) be **GRANTED in part** as follows:

1. The following language be **STRICKEN** from Paragraph 5 of the Agreement (Doc. 13-1 at 2): "*This Agreement may be amended, modified, or changed only by written instrument or instruments executed by duly authorized officers or other representative of Constant and Lake Mary*";

2. The Agreement (Doc. 13-1) otherwise be found to be a fair and reasonable settlement

---

[5] The Agreement contains a severability provision that provides as follows: "Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid party, term, or provision shall be deemed not to be a part of this Agreement." Doc. 13 at 2.

of Plaintiff's FLSA claims;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on July 31, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy