HOLLY CONSTANT,

     Plaintiff,

v.                                       Case No. 6:18-cv-674-Orl-37DCI

710 NORTH SUN DRIVE
OPERATIONS LLC,

     Defendant.
_____

## ORDER

Plaintiff Holly Constant initiated this action against Defendant 710 North Sun Drive Operations LLC d/b/a Lake Mary Health and Rehabilitation Center ("**Lake Mary**"), her former employer, alleging it violated the Fair Labor Standards Act ("**FLSA**") by denying her overtime wages. (Doc. 1.) Lake Mary then filed a notice of settlement (Doc. 12), after which the parties jointly moved for approval of the settlement agreement under *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982) (Doc. 13 ("**Motion**"); Doc. 13-1 ("**Agreement**")).

Under the terms of the Agreement, Lake Mary will pay Plaintiff a total of $4,707.78—$1,207.78 to settle Plaintiff's claim for unpaid wages and provide liquidated damages ("**Payment**"); and $3,500 to her counsel ("**Attorney Fees**"). (Doc. 13-1, ¶ 2.) The Agreement also provides:

> Any and all prior understanding and agreements between Constant and Lake Mary with respect to the subject matter of this Agreement are merged into this Agreement, which fully

and completely expresses the entire Agreement and understanding of Constant and Lake Mary with respect to the subject matter hereof. This Agreement may not be orally amended, modified, or changed. *This Agreement may be amended, modified, or changed only by written instrument or instruments executed by duly authorized officers or other representative of Constant and Lake Mary* [("**Modification Provision**")].

(Doc. 13-1, ¶ 5.)

On referral, U.S. Magistrate Judge Daniel C. Irick concludes that: (1) the Payment and Attorney Fees are fair and reasonable; and (2) the Attorney Fees were negotiated separately from the Payment. (Doc. 14, pp. 4, 5.) But he finds problematic the Modification Provision's italicized language permitting the parties to amend the Agreement—it "fails judicial scrutiny because a court cannot find an agreement to be fair and reasonable if it is not in its final form." (*Id.* at 4.) Yet the inclusion of this does not affect the overall reasonableness of the settlement; so, employing the Agreement's severability clause, Magistrate Judge Irick recommends the Court strike that language and approve the modified Agreement. (*Id.* at 4, 5.)

On August 2, 2018, the parties filed a joint notice of no objection to the R&R. (Doc. 15.) Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 14) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2.  The parties' Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (Doc. 13) is **GRANTED IN PART.**

3.  The following language is **STRICKEN** from paragraph 5 of the parties' Fair Labor Standards Act Settlement Agreement (Doc. 13-1, ¶ 5): "*This Agreement may be amended, modified, or changed only by written instrument or instruments executed by duly authorized officers or other representative of Constant and Lake Mary.*"

4.  As modified above, the parties' Fair Labor Standards Act Settlement Agreement (Doc. 13-1) is **APPROVED**.

5.  This case is **DISMISSED WITH PREJUDICE**.

6.  The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 7, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record